**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4244**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ISIAH JAMEL BARBER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:11-cr-00357-BR-1)

Submitted: November 2, 2012          Decided: November 20, 2012

Before KING and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Joseph R. Conte, LAW OFFICES OF J. R. CONTE, P.L.L.C., Washington, D.C.; Charles J. Soschin, THE LAW OFFICE OF C.J. SOSCHIN, Washington, D.C., for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Isiah Jamel Barber appeals the 156-month sentence imposed by the district court following his guilty plea, pursuant to a written plea agreement, to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (2006), and possession of a firearm in furtherance of a crime of violence and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (2006). On appeal, Barber contends that the district court incorrectly calculated his advisory Sentencing Guidelines range and erred in upwardly departing to criminal history category VI. The Government contends that the Guidelines calculation issue is barred by the appellate waiver provision in the plea agreement. See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) ("If a merits brief is filed, the government is free to . . . raise the appeal waiver issue and argue that the appeal should be dismissed based on the waiver . . . ."). We agree with the Government that the Guidelines issue is barred by the appellate waiver provision and dismiss that portion of the appeal. However, we affirm the district court's decision to impose an upward departure, an issue the Government does not contend is within the scope of the waiver. We also affirm Barber's convictions.

We review de novo a defendant's waiver of appellate rights. United States v. Blick, 408 F.3d 162, 168 (4th Cir.

2

2005). "A defendant may waive his right to appeal if that waiver is the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005) (internal quotation marks omitted); see United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (providing standard). Generally, if the district court fully questions the defendant about the waiver during the Federal Rule of Criminal Procedure 11 plea colloquy, the waiver is valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). We will enforce a valid waiver so long as "the issue being appealed is within the scope of the waiver." Blick, 408 F.3d at 168.

Our review of the record leads us to conclude that Barber's waiver of appellate rights was knowing and intelligent. Thus, the waiver is valid and enforceable. Turning to the scope of the waiver, we agree with the Government that the Guidelines calculation issue raised in Barber's brief falls within the scope of the appellate waiver provision. Therefore, we dismiss this portion of the appeal.

The Government does not assert, however, that the waiver provision precludes our review of Barber's contention that the district court erred in upwardly departing to criminal history category VI. Accordingly, we review this claim on its merits. The Sentencing Guidelines permit an upward departure if

3

the district court determines "that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S. Sentencing Guidelines Manual § 4A1.3(a)(1), p.s. (2011). In reviewing a sentence outside the Guidelines range, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). We conclude that the district court's decision to depart was reasonable, as was the extent of the departure. Thus, the district court did not abuse its discretion in imposing an upward departure sentence. See Gall v. United States, 552 U.S. 38, 51 (2007) (providing standard of review).

Accordingly, while we dismiss Barber's appeal of the district court's Sentencing Guidelines calculation, we affirm Barber's convictions and the upward departure sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4